O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>DONTE RAY GARDNER,<br>　　　　　Defendant. | Case No. 2:11-cr-00520-ODW-4<br><br>**ORDER DENYING PETITON FOR WRIT OF *CORAM NOBIS* [213]** |
| DONTE RAY GARDNER,<br>　　　　　Petitioner,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | |

On July 10, 2014, Defendant and Petitioner Donte Ray Gardner filed a Motion for an Order to Re-Open Criminal Case under Writ of Error *Coram Nobis* Pursuant to 28 U.S.C. § 1651. (ECF No. 213.) After reviewing the Petition, the Court finds that Gardner may not properly seek postjudgment relief via this remedy and therefore **DENIES** the Petition.

On June 8, 2011, the Grand Jury for the Central District of California returned an indictment charging, among others, Gardner with conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846; conspiracy to interfere with commerce by

robbery, 18 U.S.C. § 1951; and possession of a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A). (ECF No. 71.)

On September 22, 2011, Gardner pleaded guilty to counts two and four of the Indictment. (ECF No. 98.) The Court subsequently sentenced Gardner to 101 months of imprisonment on January 23, 2012, followed by five years of supervised release. (ECF Nos. 153, 154.) Some two and a half years later, Gardner filed this Petition seeking a writ of *coram nobis*. (ECF No. 213.)

While the writ of *coram nobis* is a creature of common law and not codified in the United States Code, the All Writs Act authorizes federal courts to issue them in appropriate circumstances. 28 U.S.C. § 1651(a); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The writ is only available to correct "errors of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 512 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *Matus-Leva*, 287 F.3d at 760.

The Ninth Circuit has expounded a four-prong test that a petitioner must establish when applying for a writ of *coram nobis*: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva*, 287 F.3d at 760. This test is conjunctive, meaning that failure to satisfy any one element is fatal to a *coram nobis* petition.

As a matter of law, Gardner cannot satisfy the first element of demonstrating that "a more usual remedy is not available," as he is still in custody. *See id.* The Ninth Circuit has repeatedly held that a petitioner in custody may not move for a writ of *coram nobis*, because "the more usual remedy of a habeas petition is available." *Id.* at 761; *see also United States v. Klein*, 227 F. App'x 668, 669 (9th Cir. 2007); *United States v. Goodwin*, 116 F. App'x 879, 880 (9th Cir. 2004); *Estate of McKinney By & Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995).

/ / /

If Gardner wishes to collaterally attack his conviction, he must do so by filing a writ of habeas corpus or other appropriate remedy.  But his in-custody status forecloses any reliance upon a *coram nobis* petition.  The Court must therefore **DENY** his Petition.  (ECF No. 213.)

**IT IS SO ORDERED.**

July 14, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**