O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DONTE RAY GARDNER,<br><br>      Defendant. | Case No. 2:11-cr-00520-ODW-4<br><br>**ORDER DENYING RENEWED PETITON FOR WRIT OF *CORAM NOBIS* [220]** |
| DONTE RAY GARDNER,<br><br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | |

On July 10, 2014, Defendant and Petitioner Donte Ray Gardner filed a Motion for an Order to Re-Open Criminal Case under Writ of Error *Coram Nobis* Pursuant to 28 U.S.C. § 1651.  (ECF No. 213.)  The Court denied his Petition since under Ninth Circuit law, a federal prisoner may only seek postjudgment relief via a habeas corpus petition while he is still in custody.  (ECF No. 214.)

On August 26, 2014, Gardner filed an identical document titled in part "Motion for an Order to Re-Open Criminal Case Under Writ of Error Coram Nobis Pursuant to 28 USC § 1651."  (ECF No. 220.)  Gardner does not indicate why he has refiled his

Petition following the Court's denial of his last one and does not mention or otherwise address any valid basis for reconsideration. *See* L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.").

The Court previously informed Gardner that his only possible basis for relief was a writ of habeas corpus, as he was still in custody and therefore not eligible for a writ of *coram nobis*. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("A person in custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not.").

There are two avenues for a federal prisoner to bring a habeas corpus petition. First, if the individual seeks to challenge his conviction's validity, he must bring the petition under 28 U.S.C. § 2255. Second, if the individual wishes to challenge the manner, location, or condition of the sentence's execution, he must avail himself of a petition under 28 U.S.C. § 2241. But § 2255 bars the individual from bringing a habeas corpus petition under § 2241 if he could have brought a § 2255 motion:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255(e).

So if Gardner wants to challenge his conviction's validity, he must invoke § 2255. But the problem for Gardner is that the section's one-year statute of limitations has come and gone. *See* § 2255(f). Moreover, this Court's Order Dismissing Indictment for Outrageous Government Conduct in *United States v. Dunlap* does not constitute new Supreme Court case law that would have extended the

limitations period. *See* § 2255(f)(3); *United States v. Thompson*, 2:11-cr-00520-ODW-5 (C.D. Cal. Aug. 11, 2014) (denying a § 2255 petition based on the Court's *Dunlap* decision as untimely and not subject to tolling). It accordingly appears that Gardner will not be able to avail himself of § 2255.

In any event, Gardner is entitled to properly file a habeas corpus petition if he desires. The Court will thereafter fully consider the Motion to the extent possible under law. But Gardner may not continue to file petitions for writs of *coram nobis*, as the Court has now twice determined that he is not eligible for such a remedy. The Court therefore **DENIES** Gardner's Motion for an Order to Re-Open Criminal Case Under Writ of Error Coram Nobis Pursuant to 28 USC § 1651. (ECF No. 220.)

**IT IS SO ORDERED.**

August 28, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**